UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25-cv-432-ACL |
| | ) |
| SALVATION ARMY BELL SHELTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Cedric Greene's application to commence this civil action without prepayment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the motion, the Court finds that Plaintiff is unable to pay any portion of the filing fee. As a result, Plaintiff's motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Background**

The Court's records reflect that Plaintiff has filed a total of 29 cases in this Court since March 5, 2025. At least 20 of those cases have already been dismissed for lack of subject matter jurisdiction and venue. In addition, the Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *Greene v. U.S.*, 169

1

Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against Defendant Salvation Army Bell Shelter, a shelter for adults experiencing homelessness in Bell, California. ECF No. 1. Plaintiff states that in January 2025, Defendant served him a 30-day discharge notice. *Id.* at 3. Plaintiff alleges that Defendant did not have sufficient grounds to discharge him. *Id.* Plaintiff does not allege any injuries in his complaint. For relief, Plaintiff asks for $100,000 in damages.

## Discussion

The Court has carefully reviewed the instant complaint and determined Plaintiff has not carried his burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

In the present case, Plaintiff has failed to allege a basis for proper venue. Plaintiff does not claim that Defendant resides in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred here. None of the requirements of 28 U.S.C. § 1391(b) are present in this case.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, it does not appear to be in the interest of justice to transfer this case because of Plaintiff's history as a vexatious litigant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 28th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE